UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN-MICHEL PETIT HOMME,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:26-cv-04395-DAD-CKD (HC)<br><br>ORDER RELATING AND REASSIGNING CASES, GRANTING PETITION IN THE LOWER-NUMBERED CASE, AND DENYING THE PETITION IN THE HIGHER-NUMBERED CASE AS MOOT |
| JEAN MICHEL PETIT HOMME,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | No.  1:26-cv-04470-TLN-AC<br><br>**New Case No.  1:26-cv-04470-DAD-CKD** |

An examination of the above-captioned actions reveals that they are related within the meaning of Local Rule 123(a).  Accordingly, assignment of the above-captioned actions to the same district judge and magistrate judge will promote substantial efficiency and economy for the court and is likely to be convenient for the parties.

An order relating cases under this court's Local Rule 123 merely assigns them to the same district judge and magistrate judge—it does not consolidate the cases.  The local rules of this district authorize the judge with the lowest numbered case to order the reassignment of any higher numbered cases to himself or herself, upon determining that this assignment is likely to effect a

1

savings of judicial effort.  L.R. 123(c).  Such good cause appearing here, the court orders that Case No. 1:26-cv-04470-TLN-AC shall be reassigned to the undersigned and Magistrate Judge Carolyn K. Delaney.  The caption on documents filed in the reassigned case shall be shown as: 1:26-cv-04470-DAD-CKD.  It is further ordered that the Clerk of the Court make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

The court now addresses the motion for temporary restraining order in the case numbered 1:26-cv-04395-DAD-CKD.  All docket citations in this order are in reference to that action.

On June 9, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On June 10, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 7.)

On June 10, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 9.)  In that opposition, respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents concede that there are no substantive factual or legal differences that distinguish this case from those cases identified in the court's prior order.  (*Id.* at 1.)  Respondent also does not oppose the court resolving the underlying petition in this order.  (*Id.* at 2.)

Based upon a review of the briefing, the court finds the following facts.  On or about March 2024, petitioner entered the United States without inspection.  (Doc. No. 1 at 5.)  On or about April 13, 2026, petitioner encountered immigration authorities in the interior of the United States and was detained by those authorities.  (*Id.* at 6.)

The court adopts its reasoning in *Quichimbo-Jimenez v. Warden, California City Correctional Center*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378 (E.D. Cal. Mar. 10,

2

2026), in which the court concluded that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who have:  (1) entered the United States without inspection; (2) were not apprehended on arrival; and (3) not otherwise subject to mandatory detention.  Applying the reasoning therein, the court concludes that petitioner is not legally detained pursuant to 8 U.S.C. § 1225.  Respondents fail to identify any other statutory framework which would justify the continued detention of petitioner, notably failing to argue that petitioner may be lawfully detained pursuant to 8 U.S.C. § 1226(a).  Accordingly, the court incorporates its reasoning in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy is petitioner's immediate release from custody because respondents have failed to provide authority for petitioner's detention.

For the reasons above,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.      Respondents are ORDERED to immediately release petitioner Jean-Michel Petit-Homme, A-File No. 244-455-515, from respondents' custody on the conditions, if any, he was subject to prior to his detention on April 13, 2026;

    b.      Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2.      Petitioner's motion for a temporary restraining order (Doc. No. 2), motion to proceed *in forma pauperis* (Doc. No. 4), and motion to appoint counsel (Doc. No. 3) are hereby DENIED as having been rendered moot by this order granting his habeas petition on the merits;

3

3.  Petitioner's petition for writ of habeas corpus in the case now numbered 1:26-cv-04470-DAD-CKD is DENIED as having been rendered moot by this order granting the habeas relief requested in case number 1:26-cv-04395-DAD-CKD;

4.  The Clerk of the Court is directed to close the case now numbered 1:26-cv-04470-DAD-CKD;

5.  The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

6.  The Clerk of the Court is also directed to, in the case numbered 1:26-cv-04395-DAD-CKD, ENTER judgment in favor of petitioner and to close that case.

IT IS SO ORDERED.

Dated:   **June 11, 2026**
_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4